UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| THOMAS E. SMITH,<br><br>                Plaintiff,<br>    v.<br>BRAD HOFFMAN, et al.,<br><br>                Defendants.<br>_____/ | No. C 14-01741 LB<br><br>**ORDER (1) DIRECTING PLAINTIFF TO SHOW CAUSE WHY THE CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND (2) CONTINUING THE INITIAL CASE MANAGEMENT CONFERENCE** |

      Plaintiff filed this action on April 16, 2014. (Complaint, ECF No. 1.) It was initially assigned to Judge Ryu. Plaintiff purportedly served Defendant Sonoma County Human Services Department/Family Youth and Children's Services, as well as the six individual Defendants, on August 21, 2014. (Certificates fo Service, ECF No. 10-16.)

      Defendants have neither appeared nor answered or otherwise responded to the Complaint. Instead, in his September 14, 2014 case management conference statement, Plaintiff explained that "[b]y letter dated September 9, 2014, counsel for County of Sonoma, Terry Sterling of the firm Spaulding, McCullough & Tansil acknowledged receipt of the service documents, but advised that the proper agent for service had not been served as to the County and as to the individual defendants." (CMC Statement, ECF No. 18 at 2.) Plaintiff also said that Mr. Sterling's letter "also indicates that the defense counsel requests that Plaintiff agree not to take defaults of any defendants while the parties work out a stipulation regarding the amendment of the complaint such that the all defendants would be in a position to respond to the first amended complaint which, once filed,

defense counsel would be in a position to accept service thereof." (*Id.* at 2-3.) Plaintiff then requested that the court continue the September 17, 2014 case management conference for 60 days while the parties worked this out. (*Id.* at 3.)

Judge Ryu continued the case management conference to November 5, 2014, presumably to allow the parties to do what they said they were going to do. The action was then reassigned to the undersigned because it is related to another one of the undersigned's actions. (Order Relating Cases, ECF No. 22.) The court kept the case management conference on for November 5, 2014. (10/1/2014 Clerk's Notice, ECF No. 23.) Since then, the court has continued the case management conference three more times because the parties appear to have done nothing and never filed any joint case management conference statements. (*See* Clerk's Notices, ECF Nos. 24-26.)

Because of the apparent lack of movement, the court now orders Plaintiff to show cause why this action should not be dismissed for failure to prosecute. By March 12, 2015, Plaintiff shall explain, in writing, why he has not filed an amended complaint and why he has not either perfected service or requested entry of Defendants' default. In light of this order, the court also continues the case management conference from March 19, 2015 to April 23, 2015 at 11:00 a.m.

**IT IS SO ORDERED.**

Dated: March 9, 2015

_____
LAUREL BEELER
United States Magistrate Judge

2