UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| THOMAS E. SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>BRAD HOFFMAN, et al.,<br><br>    Defendants. | Case No. 14-cv-01741-LB<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Mr. Smith and his counsel have not responded to the court's orders to file status statements, and they did not appear at the case-management conference on September 14, 2017. The court sets a hearing for October 5, 2017, at 9:30 a.m., and directs Mr. Smith and his counsel to appear personally at the hearing and show cause why the court should not dismiss the case for the plaintiff's failure to prosecute it. They also must respond in writing to this order no later than September 28, 2017.

## STATEMENT

The court previously stayed this case because the court granted summary judgment to the defendants in a related case, and Mr. Smith appealed. *Smith v. Harrington*, No. 12-CV-03533-LB – ECF Nos. 108, 111. The Ninth Circuit affirmed the court's summary judgment in the related

ORDER – No. 14-cv-01741-LB

case. *Smith v. Liddell*, 682 F. App'x (9th Cir. 2017) (mem.). The court then lifted the stay. (ECF No. 58.) On May 1, 2017, the plaintiff's counsel said that he planned to file a motion to withdraw, said that the plaintiff was researching new counsel, and asked the court to defer the case-management conference for 60 days. (ECF No. 60.) The court set a case-management conference for August 17, 2017, and directed the filing of an update by August 10. (Text Entry, 5/1/2017.) The parties did not file an update, and the court reset the case-management conference to September 14, 2017, and asked for an update by September 7. (Text Entry, 8/10/2017.) When the parties did not file an update, the court extended the time to do so to September 11. (ECF No. 63.) The defendants filed an update; the plaintiff did not. (ECF No. 64.) Mr. Smith and his counsel did not appear at the case-management conference on September 14. (ECF No. 66.)

**GOVERNING LAW**

"Rule 41(b) specifically provides that the failure of the plaintiff to prosecute his claim is grounds for involuntary dismissal of the action. The courts have read this rule to require prosecution with 'reasonable diligence' if a plaintiff is to avoid dismissal." *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) (citing *Ballew v. S. Pac. Co.*, 428 F.2d 787 (9th Cir. 1970)). "This court has consistently held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Anderson*, 542 F.2d 522 at 524 (internal citation omitted). "The law presumes injury from unreasonable delay." *Id.* at 524 (citing *States Steamship Co. v. Phil. Air Lines*, 426 F.2d 803, 804 (9th Cir. 1970)). "However, this presumption of prejudice is a rebuttable one and if there is a showing that no actual prejudice occurred, that factor should be considered when determining whether the trial court exercised sound discretion." *Id.* (citing *Reizakis v. Loy*, 490 F.2d 1132 (4th Cir. 1974).

In *Yourish v. California Amplifier*, the Ninth Circuit applied the same five-factor standard considered in a Federal Rule of Civil Procedure 37(b) case in a Rule 41(b) case. 191 F.3d 983 (9th Cir. 1999). "Under our precedents, in order for a court to dismiss a case as a sanction, the district court must consider five factors: '(1) the public's interest in expeditious resolution of litigation;

(2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Yourish*, 191 F.3d 983 at 990 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir.1998) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986))). "We 'may affirm a dismissal where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal.'" *Id*. (citing *Hernandez*, 138 F.3d at 399) (internal citation omitted). "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and we may review the record independently to determine if the district court has abused its discretion." *Id*. (internal citation omitted). "The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (citing *Valley Eng'rs v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)).[1]

"A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe." *Id.* "Only 'willfulness, bad faith, and fault' justify terminating sanctions." *Id*. (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003)).

Before ordering a terminating sanction, a court must warn the plaintiff and try other sanctions first. For example, a district court's failure to warn a party that dismissal is being considered as a sanction weighs heavily against the sanction. *U.S. ex rel. Wiltec Guam, Inc. v. Kahaluu Const.*

---

[1] "This 'test,'" the Ninth Circuit has explained, "is not mechanical." *Conn. Gen.*, 482 F.3d at 1096. "It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow:

> Like most elaborate multifactor tests, our test has not been what it appears to be, a mechanical means of determining what discovery sanction is just. The list of factors amounts to a way for a district judge to think about what to do, not a series of conditions precedent before the judge can do anything, and not a script for making what the district judge does appeal-proof.

*Id.* (quoting *Valley Eng'rs*, 158 F.3d at 1057).

*Co.*, 857 F.2d 600, 605 (9th Cir. 1988). Although "[a]n explicit warning is not always required, at least in a case involving 'egregious circumstances,'" "[i]n other circumstances, the failure to warn may place the district court's order in serious jeopardy." *Id.* (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132–33 (9th Cir. 1988)). Indeed, "'[f]ailure to warn has frequently been a contributing factor in [Ninth Circuit] decisions to reverse orders of dismissal.'" *Id.* (quoting *Malone*, 833 F.2d at 133 (collecting cases)).

## ANALYSIS

The court warns Mr. Smith and his counsel that they must respond in writing to this order to show cause no later than September 28, 2017, and they must appear on October 5, 2017, at 9:30 a.m. If they do not, the court may dismiss the case for failure to prosecute it. If the court dismisses the case for failure to prosecute it, it will operate as a decision on the merits in favor of the defendants.

The court recognizes that Mr. Smith's counsel may be withdrawing as counsel, but right now, he is counsel of record. He must file a formal motion to withdraw under Civil Local Rule 11-5(a).

## CONCLUSION

The court orders Mr. Smith and his counsel to appear in person on October 5, 2017, at 9:30 a.m., and show cause why the court should not dismiss the case for failure to prosecute it. They must respond in writing to this order no later than September 28, 2017. The court warns Mr. Smith that his failure to participate in his litigation may result in dismissal of his case for failure to prosecute it and entry of judgment in favor of the defendants.

**IT IS SO ORDERED.**

Dated: September 15, 2017

_____
LAUREL BEELER
United States Magistrate Judge