UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| THOMAS E. SMITH, | Case No. 14-cv-01741-LB |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO WITHDRAW** |
| BRAD HOFFMAN, et al., | Re: ECF No. 74 |
| Defendants. | |

## INTRODUCTION

Thomas Moore moves to withdraw as counsel for the plaintiff, Thomas Smith, because Mr. Smith "has failed to respond to any and all . . . communication attempts regarding the upcoming deadlines in this case."[1] Mr. Moore notified Mr. Smith of his intention to withdraw by email three times between September 26, and October 4, 2017, and emailed his motion to Mr. Smith on October 9, 2017.[2] Mr. Smith did not respond.[3] The court held a hearing on November 9, 2017, at 9:30 a.m. Mr. Smith did not appear. The court grants the motion to withdraw and directs Mr. Moore to continue to accept service of all filings and serve them on Mr. Smith, as discussed

---

[1] Motion to Withdraw – ECF No. 74; Moore Decl. – ECF No. 74 at 3 (¶¶ 3–4). Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *See* Motion at 10–19; Moore Decl. at 4 (¶ 6).

[3] *See generally* Docket.

ORDER – No. 14-cv-01741-LB

below. The court also orders Mr. Smith to appear on November 30, 2017, at 9:30 a.m. to show cause why his case should not be dismissed based on his failure to prosecute it.

**GOVERNING LAW**

Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Until the client appears *pro se* or obtains other representation, motions to withdraw as counsel may be granted on the condition that current counsel continue to serve on the client all papers from the court and from the opposing parties. Civil L.R. 11-5(b).

Withdrawal is governed by the California Rules of Professional Conduct. *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal); *see also Dieter v. Regents of Univ. of Cal.*, 963 F. Supp. 908, 910 (E.D. Cal. 1997). Under California Rule of Professional Conduct 3-700(C), counsel may withdraw if the client makes it unreasonably difficult for the attorney to carry out his or her duties. Cal. R. Prof. Conduct 3-700(C)(1)(d). Failure to maintain regular communication with one's counsel constitutes good cause for withdrawal. *Ortiz v. Freitas*, No. 14-CV-00322-JSC, 2015 WL 3826151, at *2 (N.D. Cal. June 18, 2015).

In compliance with California Rule of Professional Conduct 3-700(A)(2), counsel may not "withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client." These steps include: (1) giving due notice to the client; (2) allowing time for employment of other counsel, pursuant to Rule 3-700(D); and (3) complying with applicable laws and rules. Cal. R. P. Conduct 3-700(A)(2); *El Hage v. U.S. Sec. Assocs., Inc.*, No. 06-CV-7828-TEH, 2007 WL 4328809, at *1 (N.D. Cal. Dec. 10, 2007).

The decision to permit counsel to withdraw is within the sound discretion of the trial court. *U.S. v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). Courts consider several factors when deciding a motion for withdrawal, including: "(1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to

the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *Deal v. Countrywide Home Loans*, No. 09-CV-01643-SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010).

## ANALYSIS

### 1. Good Cause for Withdrawal

Good cause exists for Mr. Moore's withdrawal. Mr. Smith has not participated in this case since he appealed the judgment in a related case.[4] But, since the affirmance by the Ninth Circuit and "[s]ubsequent to the dismissal of *Smith v. Harrington* . . . [Mr. Moore and his staff] have repeatedly emailed . . . and telephoned [Mr. Smith] to discuss th[is] case, without success."[5] Further, Mr. Moore requested a continuance of the May 4, 2017, case-management conference for 90 days to allow for Mr. Smith to find new counsel so Mr. Moore could withdraw.[6] Despite "repeated[ ] email[s]," calls, and use of "services . . . to skip trace [Mr. Smith] on all known points of contact," Mr. Moore has not been able to contact Mr. Smith.[7] The court already granted the 90-day continuance that Mr. Moore requested,[8] and issued an order to show cause after Mr. Moore did not appear at the case-management conference.[9] In response to the order to show cause, Mr. Moore stated that he lost communication with Mr. Smith.[10]

Given Mr. Smith's lack of communication and participation in the case, it is apparent that Mr. Moore's continued representation would be unreasonably difficult. Mr. Moore has therefore shown good cause for withdrawal.

---

[4] Notice of Appeal – ECF No. 111 in *Smith v. Harrington, et al.*, No. 12-CV-03533-LB.
[5] Moore Decl. – ECF No. 74 at 3 (¶ 3).
[6] *See* Case-Management Statement – ECF No. 60 at 2.
[7] *See* Moore Decl. – ECF No. 74 at 3 (¶¶ 3–5).
[8] *See* Case-Management Statement – ECF No. 60 at 2
[9] *See* Minute Entry – ECF No. 66; Order to Show Cause – ECF No. 67.
[10] Plaintiff's Response – ECF No. 68 at 2.

ORDER – No. 14-cv-01741-LB     3

## 2. Timing and Prejudice of Withdrawal

Mr. Moore has taken adequate measures to prevent reasonably foreseeable harm to Mr. Smith and his withdrawal will not prejudice the defendants.

First, Mr. Moore has given Mr. Smith enough time and sufficient opportunities to object to the motion. Under Local Rule 11-5(a), Mr. Moore informed Mr. Smith of his intention to withdraw as counsel by voicemail and email.[11] Mr. Moore emailed advance written notice of his intention three times: on September 26, September 29, and October 4.[12] He also served Mr. Smith with the motion on October 9, 2017.[13] Yet Mr. Smith did not respond and did not oppose the motion.

Second, Mr. Moore's withdrawal will not prejudice the defendants. The court set a hearing for November 9, 2017[14] to allow Mr. Smith time to find new counsel (or appear *pro se*), if he decides to participate in the litigation. And, in any event, it is his failure to communicate — not Mr. Moore's withdrawal — that has led to the Order to Show Cause.

## 3. Further Hearing and Notice to Mr. Smith

Mr. Smith's counsel served Mr. Smith with the court's order setting the November 9 hearing. He also said at the hearing that he called Mr. Smith several times after he served him, reached voicemail, recognized Mr. Smith's voice on the voicemail, left messages for him about the hearing, and never received a call back.

Under the circumstances, the court orders Mr. Smith to appear on November 30, 2017, at 9:30 a.m. Mr. Smith must appear at the hearing, either through a new lawyer or in person if he has not been able to hire a lawyer yet. If he does not, he risks sanctions, including (1) terminating sanctions in the form of dismissal of his case if he does not appear and participate in his litigation and (2) monetary sanctions. The court sets forth the legal standards to give Mr. Smith an understanding about what the rules require of him.

---

[11] Motion – ECF No. 74 at 6–9.

[12] *Id.* at 2–3.

[13] Moore Decl. – ECF No. 74 at 4 (¶ 6); ECF No. 75 at 2.

[14] Order – ECF No. 73 at 2.

ORDER – No. 14-cv-01741-LB         4

### 3.1 Terminating sanctions

Federal Rules of Civil Procedure 41(b) provides that if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Such an order to dismiss operates as an adjudication on the merits. Fed. R. Civ. P. 41(b).

"Rule 41(b) specifically provides that the failure of the plaintiff to prosecute his claim is grounds for involuntary dismissal of the action. The courts have read this rule to require prosecution with 'reasonable diligence' if a plaintiff is to avoid dismissal." *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) (citing *Ballew v. Southern Pacific Co.*, 428 F.2d 787 (9th Cir. 1970)). "This court has consistently held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Anderson*, 542 F.2d 522 at 524 (internal citation omitted). "The law presumes injury from unreasonable delay." *Id.* at 524 (citing *States Steamship Co. v. Philippine Air Lines*, 426 F.2d 803, 804 (9th Cir. 1970)). "However, this presumption of prejudice is a rebuttable one and if there is a showing that no actual prejudice occurred, that factor should be considered when determining whether the trial court exercised sound discretion." *Id.* (citing *Reizakis v. Loy*, 490 F.2d 1132 (4th Cir. 1974).

In *Yourish v. California Amplifier*, the Ninth Circuit applied the same five-factor standard considered in Federal Rules of Civil Procedure 37(b) case in a Rule 41(b) case. 191 F.3d 983 (9th Cir. 1999). "Under our precedents, in order for a court to dismiss a case as a sanction, the district court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Yourish*, 191 F.3d 983 at 990 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir.1998) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986))). "We 'may affirm a dismissal where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal.'" *Id.* (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir.1998)) (internal citation omitted.) "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and we

may review the record independently to determine if the district court has abused its discretion." *Id.* (internal citation omitted.) "The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Connecticut General Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (citing *Valley Eng'rs v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)).[15]

"A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe." *Connecticut General Life Ins. Co.*, 482 F.3d at 1096. "Only 'willfulness, bad faith, and fault' justify terminating sanctions." *Id.* (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003)).

A party suffers sufficient prejudice to warrant case-dispositive sanctions where the disobedient party's actions "impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *See in re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1227 (9th Cir. 2006) (quotation omitted).

Before ordering a terminating sanction, a court must warn the plaintiff and try other sanctions first. For example, a district court's failure to warn a party that dismissal is being considered as a sanction weighs heavily against the sanction. *U.S. for Use and Ben. of Wiltec Guam, Inc. v. Kahaluu Const. Co., Inc.*, 857 F.2d 600, 605 (9th Cir. 1988). Although "[a]n explicit warning is not always required, at least in a case involving 'egregious circumstances,'" "[i]n other

---

[15] "This 'test,'" the Ninth Circuit has explained, "is not mechanical." *Connecticut General*, 482 F.3d at 1096. "It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow:

> Like most elaborate multifactor tests, our test has not been what it appears to be, a mechanical means of determining what discovery sanction is just. The list of factors amounts to a way for a district judge to think about what to do, not a series of conditions precedent before the judge can do anything, and not a script for making what the district judge does appeal-proof.

*Valley Eng'rs*, 158 F.3d at 1057.

1  circumstances, the failure to warn may place the district court's order in serious jeopardy." *Id.*
2  (citing *Malone*, 833 F.2d at 132-33). Indeed, "'[f]ailure to warn has frequently been a contributing
3  factor in [Ninth Circuit] decisions to reverse orders of dismissal.'" *Id.* (quoting *Malone*, 833 F.2d
4  at 133 (citing cases)).

### 3.2 Monetary sanctions: Federal Rules of Civil Procedure 37(d)(3) and (b)(2)(C)

Rules 37(d)(3) and (b)(2)(C) provide that courts must require the party failing to act, the attorney advising that party, or both to pay to award the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. "Under Rule 37(b)(2), which has the same language as Rule 37(d), the burden of showing substantial justification and special circumstances is on the party being sanctioned." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994), *as amended* (July 25, 1994) (citing *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir.1983))

Federal courts use the lodestar method to determine a reasonable attorney's fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987). The court calculates a "lodestar amount" by multiplying the number of hours counsel reasonably spent on the litigation by a reasonable hourly rate. *See Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). The burden of proving that claimed rates and number of hours worked are reasonable is on the party seeking the fee award. *Blum v. Stenson*, 465 U.S. 886, 897 (1984). The court may adjust the award from the lodestar figure upon consideration of additional factors that may bear upon reasonableness. *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

### 3.3 Order to Appear on November 30, 2017, at 9:30 a.m. and Warning to Mr. Smith

Because Mr. Smith has not been communicating with his attorney or otherwise participating in his lawsuit, the court orders him to appear in person at 450 Golden Gate Avenue, 15th Floor, Courtroom C, San Francisco, California, on November 30, 2017, at 9:30 a.m. If he does not, he risks the court's imposition of sanctions, including a monetary sanction awardable to the

defendant for any costs that it incurs for Mr. Smith's failure to prosecute his case. Ultimately, if Mr. Smith does not participate in his litigation, he risks dismissal of his case for failure to prosecute it, which will result in a judgment being entered in favor of the defendants.

## CONCLUSION

The court grants Mr. Moore's motion to withdraw. Mr. Moore must continue to serve Mr. Smith with all papers from the defendants and the court until Mr. Smith files a substitution of counsel or appears *pro se*. *See* Civil L.R. 11-5(b) ("When withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se."). Mr. Moore must inform Mr. Smith of this condition. *See id.* ("When this condition is imposed, counsel must notify the party of this condition.") Specifically, Mr. Smith must serve a copy of this order on Mr. Smith and file proof of service with the court within one week.

The court sets a further hearing on November 30, 2017, at 9:30 a.m. Mr. Smith must appear through his new counsel or, if he has not retained a new lawyer, he must appear in person. His failure to do so may be construed as a failure to prosecute and may ultimately result in sanctions or a dismissal of the case for failure to prosecute it.

**IT IS SO ORDERED.**

Dated: November 9, 2017

_____
LAUREL BEELER
United States Magistrate Judge