United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| THOMAS E. SMITH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BRAD HOFFMAN, et al.,<br><br>　　　　Defendants. | Case No. 14-cv-01741-LB<br><br>**ORDER DISMISSING CASE**<br>Re: ECF No. 80 |

## INTRODUCTION

The plaintiff Thomas Smith has not responded to the court's orders requiring him to appear in person and show cause why the court should not dismiss his case for failure to prosecute it. In particular, he did not appear at the show-cause hearings on November 9, 2017, and November 30, 2017. The court now dismisses his case for his failure to prosecute it.

## STATEMENT

In April 2014, Mr. Smith sued the defendants.[1] The case is related to a similar lawsuit against school officials.[2] In the related case, the court granted summary judgment in favor of the school

---

[1] Compl. – ECF No. 1. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Smith v. Harrington*, No. 12-cv-03533-LB; *see* Compl. – ECF No. 1 at 3 (¶ 12); Amend. Compl. –

ORDER – No. 14-cv-01741-LB

officials.[3] Mr. Smith appealed, and the court stayed this case pending the appeal.[4] The Ninth Circuit affirmed the court's summary judgment in the related case on March 17, 2017.[5]

The court then lifted the stay and set a case-management conference for May 4, 2017.[6] On May 1, 2017, Mr. Smith's counsel said that he planned to file a motion to withdraw, said that Mr. Smith was researching new counsel, and asked the court to defer the case-management conference for 60 days.[7] The court set a case-management conference for August 17, 2017 and directed the parties to file an update by August 10, 2017.[8] The parties did not file an update. The court then reset the conference to September 14, 2017, at 11 a.m. and directed a joint update by September 7, 2011, and — when the parties did not file an update — by September 11, 2017.[9] Only the defendants filed an update. In it, they said that that if Mr. Smith did not dismiss his case voluntarily, they would move to dismiss or for summary judgment on the same grounds that resulted in the court's summary judgment in the related case.[10]

At the September 14, 2017 case-management conference, Mr. Smith and his counsel did not appear.[11] The defendants moved for terminating sanctions on the record. The court issued an order to Mr. Smith and his counsel to appear on October 5, 2017, at 9:30 a.m. to show cause why the court should not dismiss the case for failure to prosecute it.[12] The order set forth the standard for terminating sanctions and directed a written response to the order to show cause.[13] In the written

---

ECF No. 37 at 3 (¶ 15).

[3] Summary Judgment Order – *Smith v. Harrington*, No. 12-cv-03533-LB – ECF No. 108.

[4] Order – ECF No. 41.

[5] Summary Judgment Order – *Smith v. Harrington*, No. 12-cv-03533-LB – ECF No. 108; Memorandum Opinion, No. 15-15826 (9th Cir.) – *Smith v. Harrington*, No. 12-cv-03533-LB – ECF No. 118.

[6] ECF No. 58.

[7] ECF Nos. 59–60.

[8] 5/1/2017 Text Entry.

[9] Order – ECF No. 63.

[10] Defendants' Case-Management Statement – ECF No. 65.

[11] Order – ECF No. 66.

[12] Order – ECF No. 67.

[13] *Id.*

response, Mr. Smith's counsel said that he had lost contact with his client and would move to withdraw.[14]

Mr. Smith's counsel then moved to withdraw in a motion noticed for November 9, 2017.[15] The court directed counsel to serve Mr. Smith and ordered Mr. Smith to appear personally at the November 9 hearing.[16] Mr. Smith did not appear at the hearing. The court granted his counsel's motion to withdraw, set a further hearing for November 30, 2017, at 9:30 a.m., ordered Mr. Smith to appear personally at the hearing, warned him again that he risked dismissal of his case if he did not, and directed his counsel to serve Mr. Smith with the order.[17] Counsel filed proof of service that he served Mr. Smith.[18] Mr. Smith did not appear on November 30, 20176.

## ANALYSIS

The court's previous orders describe the standards that apply to sanctions, including sanctions. The court incorporates those orders by this reference and attaches them as exhibits.[19] To summarize: Mr. Smith became unreachable and stopped communicating with his lawyer, presumably because the Ninth Circuit ruled against him in the related case. The court warned Mr. Smith about the consequences of not appearing at hearings, and his former counsel served him with notice of the hearings. Still, Mr. Smith did not appear.

On this record, and for the reasons described in its previous orders, the court grants the defendants' motion for terminating sanctions. Mr. Smith has failed to prosecute his case. The court warned him multiple times that if he did not appear, the court would dismiss the case for failure to prosecute it. Mr. Smith has not shown cause for his lack of participation and diligence. The court dismisses the case for failure to prosecute it.

---

[14] Response – ECF No. 69.

[15] Motion – ECF No. 74

[16] Order – ECF No. 80.

[17] Order Granting Motion to Withdraw – ECF No. 80.

[18] Proof of Service – ECF No. 81.

[19] Orders – ECF Nos. 67 and 80.

## CONCLUSION

On this record, and under the circumstances, the court dismisses the case with prejudice for Mr. Smith's failure to prosecute it and directs the clerk of court to close the file.

The court directs Mr. Smith's former counsel to serve his client with a copy of this order and the court's separate judgment and to file proof of service by December 14, 2017.

**IT IS SO ORDERED.**

Dated: November 30, 2017

_____
LAUREL BEELER
United States Magistrate Judge